UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN, | Case No. 2:25-cv-0178-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| B-SIDE BAR, *et al.*, | |
| Defendants. | |

Plaintiff, a former prisoner, brings this action section 1983 action against the "B-Side Bar" and Laura Bruce, a bartender. ECF No. 1 at 2. His allegations do not state a cognizable section 1983 claim because neither defendant is a state actor. Additionally, plaintiff is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). And, given that his section 1983 claim is non-cognizable, he cannot meet the imminent danger exception that would allow him to proceed *in forma pauperis*, as he requests, ECF No. 4. Accordingly, I recommend that this action be dismissed for failure to state a cognizable claim and his application to proceed *in forma pauperis* be denied.

**Screening Order**

**I.     Screening and Pleading Requirements**

1

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff alleges that defendant Bruce, a bartender at the "B-Side Bar," posted his photograph on social media alongside negative, false claims about him. ECF No. 1 at 3. He claims that this post caused him reputational damage and to be subjected to stalking. *Id.* However, neither defendant Bruce nor the bar employing her are state actors and, thus, no section 1983 claim against them may proceed. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50

(1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful . . . .") (internal quotation marks omitted).

I find it appropriate to dismiss this action without leave to amend because plaintiff cannot state a cognizable section 1983 claim without changing the fundamental nature of his allegations. Additionally, plaintiff is a "three-striker" within the meaning of section 1915(g). He has filed at least three actions that have been dismissed for failure to state a claim: (1) *Spearman v. B-Side Bar*, No. 2:21-cv-01216-KJM-DMC (E.D. Cal) at ECF Nos. 10 & 12; (2) *Spearman v. Sam Berri Towing, et al.*, No. 2:21-cv-01288-KJM-JDP (E.D. Cal) at ECF Nos. 7 & 8; (3) *Spearman v. Sacramento County, et al.*, No. 2:21-cv-01289-TLN-JDP (E.D. Cal) at ECF Nos. 10 & 11. Thus, he can only proceed in forma pauperis if he makes a showing that he is in imminent physical danger. The claims fail to make this showing insofar as they are non-cognizable for the reasons stated above and because, by their nature, they do not allege imminent physical danger.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that:

1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state a cognizable section 1983 claim.

2. Plaintiff's application to proceed in forma pauperis, ECF No. 4, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 15, 2025

*/s/ Jeremy Peterson*
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE